J-S35036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SYHEAM MANN, | : | |
| | : | |
| Appellant | : | No. 262 EDA 2015 |

Appeal from the PCRA Order December 24, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0004106-2009

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 08, 2016**

Syheam Mann ("Mann"), *pro se*, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court set forth the relevant underlying facts as follows:

At approximately 2:00 a.m.[,] on July 10, 2009, Ryan Glover ["Glover"] returned to his home on 215 Wingate Road, Upper Darby, in his van.  A car owned by Kim Weeks ["Weeks"], a male friend, was located in [] Glover's parking spot.  [] Glover obtained the keys to [] Weeks's car, moved it, and then reentered his van to pull into his parking space.  [Mann], whom [] Glover had known for years, approached [] Glover, placed a gun in his face, and demanded that he exit the van.  [] Glover pushed the gun, drove away from the area, and telephoned police.  [Mann] shot his gun at the fleeing vehicle.  The responding officer, Upper Darby Police Officer Dennis Keller, viewed a bullet hole in the van's driver's side window.  The bullet entered the dashboard and lodged in the speedometer.

In the meantime, [Mann] and two other armed men, Edwin Clark and Jeffrey Mason, broke into 215 Wingate Road, which was occupied by [] Weeks.  [] Weeks was sleeping in the living room on the sofa when he was awakened by three males entering

from the basement. After one man pointed a gun at his face, [] Weeks was ordered to the floor and complied. The cohorts proceeded to ransack the second floor and, after [] Weeks overheard them state that they were looking for money, he managed to escape through a first-story window.

Police officers soon arrived at 215 Wingate Road to investigate the prior shooting when they observed a broken door and heard noises emanating from the house. At that point, the criminals exited the residence through a skylight on the second floor. The entire neighborhood was placed on lockdown and a helicopter and the SWAT Team were deployed. [Mann] was apprehended on the roof of a nearby house.

Based on this evidence, a jury convicted [Mann] of aggravated assault, robbery, conspiracy to commit robbery, and burglary, and the trial court adjudicated him guilty of person not to possess firearms. [The trial court imposed] a term of incarceration of twenty-two and one-half to forty-five years. [Mann] filed a timely [M]otion for reconsideration of sentence[, which was denied.]

*Commonwealth v. Mann*, 55 A.3d 125 (Pa. Super. 2012) (unpublished memorandum at 2-3).

This Court affirmed the judgment of sentence and the Supreme Court of Pennsylvania denied allowance of appeal on January 18, 2013. *See id*., *appeal denied*, 62 A.3d 379 (Pa. 2013).

On October 1, 2013, Mann filed a timely *pro se* PCRA Petition. The PCRA court appointed Mann counsel, who subsequently filed a *Turner*/*Finley*[1] "no-merit" letter and a Motion to Withdraw as Counsel. On December 2, 2014, the PCRA court granted counsel's Motion to Withdraw, and issued a Pennsylvania Rule of Criminal Procedure 907 Notice. Mann filed

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

a *pro se* Reply to the Rule 907 Notice. Thereafter, the PCRA court dismissed the Petition without a hearing.

Mann filed a timely *pro se* Notice of Appeal. Mann also filed a timely *pro se* court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement, raising thirty-six claims of error. The PCRA court issued an Opinion.

On appeal, Mann raises the following questions for our review:

I.    Whether [the] PCRA court committed reversible error when it: A) allowed counsel to be ineffective in failing to investigate[] Amoy Archer; B) allowed counsel to be ineffective in failing to elicit favorable testimony from Trooper Daryl Elias; C) allowed counsel to be ineffective in failing to ensure that [Mann's] shirt [was] tested [for] lead residue; D) allowed counsel to be ineffective in failing to elicit favorable testimony from [] Glover; E) allowed counsel to be ineffective in failing to object to false testimony; F) allowed counsel to be ineffective in failing to present favorable robbery evidence; G) allowed counsel to be ineffective in failing to elicit favorable testimony from [Weeks]; H) adopted counsel's no[-]merit letter in whole; I) allowed counsel to be ineffective in failing to object to the court's lack of jurisdiction and violation of ***Alleyne*** [***v. United States***, 133 S. Ct. 2151 (2013)]; J) allowed counsel to be ineffective in failing to object to [an] illegal, excessive sentence; K) allowed counsel to be ineffective in failing to object to uncharged evidence; L) allowed counsel to be ineffective by conceding [Mann's] fault; M) allowed counsel to be ineffective in failing to object to the prosecutor's misstatement of facts; N) allowed counsel to cumulatively prejudice [Mann] through his multiple instances of ineffectiveness; [and] O) failed to grant [an] evidentiary hearing[?]

II.   [Whether] A) counsel was ineffective in failing to object to the court's misapplication of the law during sentencing; B) counsel was ineffective in failing to object to the court's double counting [Mann's] prior record score[?]

Brief for Appellant at 4 (some capitalization omitted, issues renumbered for ease of disposition).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, the PCRA court found subparts A) through E) of Mann's first claim to be waived for failing to properly raise the issues of trial counsel's ineffectiveness before the PCRA court. *See* PCRA Court Opinion, 6/30/15, at 11-14; *see also Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal."). Further, the PCRA court found that the fact that Mann had raised the ineffective assistance of trial and direct appeal counsel claims in his Reply to the Rule 907 Notice, without seeking leave to amend his PCRA Petition, did not preserve the claims. *See* PCRA Court Opinion, 6/30/15, at 12-13; *see also Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012) (concluding that claims raised for the first time in response to the court's Rule 907 notice are not preserved for review unless petitioner seeks, and the PCRA court grants, permission to file an amended petition). While Mann properly raised claims of PCRA counsel

ineffectiveness in the Reply to the Rule 907 Notice, *see Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009), he failed to raise such claims in his Concise Statement; thus, those claims are waived on appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (stating that any issues not raised in a Rule 1925(b) concise statement will be deemed waived). Based upon the foregoing, we conclude that the claims found at A) through E) are waived on appeal.

In his related claims at F) and G), Mann contends that the PCRA court failed to address his ineffectiveness claims against all prior counsel for failing to present evidence related to the victim, Weeks, that would have exonerated him of the robbery and conspiracy to commit robbery charges. Brief for Appellant at 23, 24-25, 43; *see also id*. at 41-42 (arguing that counsel failed to elicit favorable testimony from Weeks that led the jury to hear misleading evidence regarding the number of guns used during the robbery). Mann asserts that Weeks was not a victim in this case, but a co-conspirator because he was in possession of the money stolen from another victim, Glover, and that Weeks suffered no injuries, contrary to his claim that he suffered numerous injuries. *Id*. at 23-24, 43. Mann claims that there is a reasonable probability that the result of the proceedings would have been different had this evidence been introduced at trial. *Id*. at 24.

Here, Mann failed to raise any of these claims in his Rule 1925(b) Concise Statement. Thus, his claims are waived on appeal. **See Castillo**, 888 A.2d at 780.

In his claim at H), Mann contends that the PCRA court erred in allowing his PCRA counsel to withdraw because he did not fulfill the **Turner/Finley** requirements. Brief for Appellant at 13, 16. Mann argues that PCRA counsel failed to investigate and raise each issue that he sought to have reviewed. **Id**. at 13-14, 15. Mann asserts that PCRA counsel failed to interview him and failed to respond to any of his letters or phone calls. **Id**. at 15. Mann requests that the matter be remanded and he be appointed new counsel. **Id**. at 15-16.

Here, the PCRA court set forth the relevant standard of review, and concluded that Mann's claims are without merit. **See** PCRA Court Opinion, 6/30/15, at 43-53. We adopt the PCRA court's thorough and sound reasoning for the purpose of this appeal. **See id**.

In his claim at I), Mann contends that his trial, direct appeal, and PCRA counsel were ineffective for failing to object or raise issue concerning the bifurcated non-jury trial conducted by the trial court on the persons not to possess firearms charge. Brief for Appellant at 18. Mann argues that he did not execute a proper jury trial waiver. **Id**. Mann points out the written jury waiver form included a docket number that was not applicable to his

case. *Id*. Mann asserts that this was not harmless error, and requires a new trial. *Id*. at 18-19.

The PCRA court addressed Mann's claim and determined that he did not properly preserve it. *See* PCRA Court Opinion, 6/30/15, at 36-38. However, the PCRA court found that even if the claim was not waived, Mann's ineffectiveness claim as to trial counsel was without merit. *See id*. at 38-41, 42-43.[2] We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*. at 36-41, 42-43.[3]

As part of his I) claim, Mann also contends that his firearm sentence under 42 Pa.C.S.A. § 9712 was illegal based upon *Alleyne*. *See* Brief for Appellant at 19-22. Mann argues that *Alleyne* applies retroactively, and that his sentence must be vacated. *Id*. at 20-22. Mann asserts that his trial, appellate, and PCRA counsel were ineffective for failing to raise this claim. Brief for Appellant at 22-23.

---

[2] We note that, on appeal, Mann does not raise an issue with trial counsel's strategy in seeking a non-jury trial on the firearms charge. *See* PCRA Court Opinion, 6/30/15, at 41-42.

[3] Mann waived his claims related to direct appeal and PCRA counsel's ineffectiveness, for failing to raise an issue with the bifurcated trial, by failing to raise it in his Concise Statement. *See Castillo*, 888 A.2d at 780. However, even if the claims were properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that direct appeal and PCRA counsel were not ineffective. *See Commonwealth v. Thomas*, 44 A.3d 12, 17 (Pa. 2012) (stating that a failure to satisfy any of the three prongs of the ineffectiveness test requires rejection of an ineffective assistance of trial counsel claim, which requires rejection of a layered claim of ineffective assistance of counsel).

The PCRA court addressed Mann's **Alleyne** claim and determined it to be without merit. **See** PCRA Court Opinion, 6/30/15, at 30-33; **see also Commonwealth v. Riggle**, 119 A.2d 1058, 1067 (Pa. Super. 2015) (concluding that **Alleyne** does not apply retroactively even though appellant filed a timely first PCRA petition, as his judgment of sentence was final at the time **Alleyne** was decided).[4] We adopt the sound reasoning of the PCRA court for the purpose of this appeal. **See** PCRA Court Opinion, 6/30/15, at 30-33. Moreover, because Mann's underlying claim does not have arguable merit, his ineffectiveness claims fail. **See Commonwealth v. Burno**, 94 A.3d 956, 972 (Pa. 2014) (stating that a failure to satisfy any prong of the ineffectiveness test, including whether the underlying claim has arguable merit, requires rejection of the claim).

In his claim at J), Mann contends that all of his counsel were ineffective for failing to raise claims related to the excessive sentence imposed by the trial court. **See** Brief for Appellant at 25-28. Mann argues that his sentence was outside the statutory guidelines and manifestly unreasonable. **Id**. at 26. Mann also asserts that the trial court misrepresented his juvenile record and improperly utilized enhancements

---

[4] We acknowledge that an appellant may properly invoke **Alleyne** in a timely first PCRA petition where the appellant's judgment of sentence was not yet final when **Alleyne** was decided. **See Commonwealth v. Ruiz**, 131 A.3d 54, 59 (Pa. Super. 2015). Additionally, Mann's argument that the United States Supreme Court's recent decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), which held that **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively, should be similarly applied to **Alleyne**, is flawed and without merit.

when imposing the sentence. *Id*. at 26-27. Mann claims that he is entitled to a new sentencing hearing. *Id*. at 28.

The PCRA court addressed Mann's claims, and determined that he only properly preserved his claim of ineffective assistance of direct appeal counsel with regard to the excessive sentence assertion. *See* PCRA Court Opinion, 6/30/15, at 26. The PCRA court found Mann's sole preserved claim to be without merit. *See id*. at 27-28, 33-34; *see also Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (stating that the trial court may, in its discretion, impose sentences concurrently or consecutively). We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See* PCRA Court Opinion, 6/30/15, at 26-28, 33-34.

In his claim at K), Mann contends that all of his prior counsel were ineffective for allowing the admission of two stipulations at trial.[5] Brief for Appellant at 28, 31. Mann argues that he did not knowingly and voluntarily agree to the stipulations and relied upon counsel's advice in signing the stipulations. *Id*. at 29, 30. Mann asserts that counsel should have filed a pre-trial motion to exclude the evidence in the stipulations, not allow them into evidence. *Id*. Mann points out that the stipulations allowed the admission of multiple guns, most of which were not relevant to his case. *Id*.

---

[5] Stipulation 1 set forth the proper chain of custody of the Commonwealth's trial exhibits. *See* PCRA Court Opinion, 6/30/15, at 74. Stipulation 2 set forth various items of physical evidence recovered from the crime scene, swabs from the seized firearms, buccal swabs, and a report from Forensic Scientist Supervisor Michael L. Brincat. *See id*.

at 30. Mann claims that because of the admission of multiple guns, he was compelled to defend himself concerning his own actions, as well as the actions of other people. *Id*.

The PCRA court addressed Mann's claims related to trial counsel and determined that they are without merit. *See* PCRA Court Opinion, 6/30/15, at 72-78. We adopt the sound and thorough reasoning of the PCRA court for the purpose of this appeal. *See id*.[6]

In his claim at L), Mann contends that his counsel was ineffective for failing to protect Mann's constitutional rights by allowing the prejudicial admission of other crimes evidence. Brief for Appellant at 31. Mann argues that trial counsel stipulated, without his consent, that two guns, including one he allegedly possessed, were stolen from a residence in Uniontown, Pennsylvania. *Id*. at 32. Mann asserts that this stipulation is false as other guns were stolen from the residence. *Id*. Mann claims that counsel's actions forced him to answer for additional crimes for which he was not charged. *Id*. at 32, 33. Mann further argues that there was no reasonable basis for counsel's actions. *Id*. at 32.

---

[6] Mann waived his claims related to appellate and PCRA counsel's ineffectiveness based upon the admission of the stipulations by failing to raise it in his Concise Statement. *See Castillo*, 888 A.2d at 780. However, even if the claims were properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that direct appeal and PCRA counsel were not ineffective. *See Thomas*, 44 A.3d at 17.

The PCRA court addressed this claim and determined it to be without merit. **See** PCRA Court Opinion, 6/30/15, at 64-72. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. **See id**.[7]

In his claim at M), Mann contends that his trial counsel was ineffective for failing to object to the prosecutor's various misstatements during closing argument. Brief for Appellant at 46-49. Mann argues that counsel did not have a reasonable basis for failing to object to the closing argument and effectively abandoned him at a critical stage of the proceedings. **Id**. at 49. Mann also asserts that his direct appeal and PCRA counsel were ineffective for failing to raise this claim. **Id**. at 50.

The PCRA court addressed Mann's claims and determined them to be without merit. **See** PCRA Court Opinion, 6/30/15, at 53-59. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. **See id**. Additionally, based upon the PCRA court's finding that trial counsel was not ineffective, we conclude that direct appeal counsel was not ineffective. **See**

---

[7] Mann's contention that appellate and PCRA counsel were ineffective for failing to raise and argue this claim is waived for failing to raise it in his Concise Statement. **See Castillo**, 888 A.2d at 780. However, even if the claims were properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that direct appeal and PCRA counsel were not ineffective. **See Thomas**, 44 A.3d at 17.

*Thomas*, 44 A.3d at 17.[8]

In his claim at N), Mann contends that the cumulative effect of trial counsel's ineffectiveness collectively warrants relief on his claims. *See* Brief for Appellant at 50-53.

The PCRA court addressed this claim and determined that it is without merit. *See* PCRA Court Opinion, 6/30/15, at 79-81. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*.

In his claim at O), Mann contends that the PCRA court erroneously failed to hold an evidentiary hearing on his PCRA Petition. Brief for Appellant at 16. Mann argues that he was not afforded a meaningful review of his claims, and that a hearing on the facts presented would have changed the outcome of the proceedings. *Id*. at 16-17.

The PCRA court addressed Mann's claim and determined that it is without merit. *See* PCRA Court Opinion, 6/30/15, at 81-84. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*.

In his second claim, Mann contends that his trial counsel was ineffective for failing to object to the trial court sentencing him to four mandatory minimum sentences, for misapplying the prior record score and offense gravity score, and sentencing him outside the guidelines. *See* Brief

---

[8] Mann's contention that PCRA counsel was ineffective for failing to raise and argue this claim is waived for failing to raise it in his Concise Statement. *See Castillo*, 888 A.2d at 780. However, even if the claim was properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that PCRA counsel was not ineffective. *See Thomas*, 44 A.3d at 17.

for Appellant at 53-55. Mann also argues that his trial counsel was ineffective for failing to object to the double counting of his prior record score when the trial court imposed the sentence. *Id*. at 55-57. Mann asserts that his direct appeal and PCRA counsel were also ineffective for failing to properly raise these claims. *Id*. at 55, 57.

Here, Mann did not raise these claims in his PCRA Petition. *See Santiago*, 855 A.2d at 691. Further, Mann failed to raise any of these claims in his Rule 1925(b) Concise Statement. *See Castillo*, 888 A.2d at 780. Thus, his claims are waived on appeal.[9]

Order affirmed.

P.J.E. Bender files a concurring statement in which Judge Musmanno joins.

P.J.E. Ford Elliott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

_____

[9] As noted above, the PCRA court addressed Mann's ineffectiveness claims as to the discretionary aspects of his sentence and found them to be without merit. *See* PCRA Court Opinion, 6/30/15, at 26-28, 33-34; *see also Mann*, 55 A.3d 125 (unpublished memorandum at 10-11) (wherein this Court addressed Mann's discretionary aspects of sentencing claim on direct appeal and determined that it was without merit). To the extent Mann raises additional legality of sentence claims, we determine that they are without merit.